UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLENE L. BOLANOS, | Case No. 20-cv-03825-WHO (PR) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| JENKINS, | |
| Respondent. | |

## INTRODUCTION

Federal prisoner Gaylene L. Bolanos seeks release under 28 U.S.C. § 2241 from FCI-Dublin because she believes she is at high risk of contracting COVID-19 under her current conditions of confinement. Bolanos's claims cannot proceed through a § 2241 action. She must raise her compassionate release request in her criminal case in the Eastern District of California, where she was sentenced. Her conditions of confinement claims must be raised through a civil rights action, not through a habeas action.[1] Accordingly, this federal habeas corpus action is DISMISSED without prejudice.

## BACKGROUND

According to the petition, Bolanos is a 63-year-old female with various ailments (e.g., a heart-valve defect and high blood pressure) and is currently held at FCI-Dublin. In 2015, she was convicted in the United States District Court in the Eastern District of California on charges of conspiracy to defraud (18 U.S.C. § 286) and presenting a false

---

[1] In this regard, pending in this District is a certified class action concerning conditions at Santa Rita Jail, *Babu v Ahern*, 18-7677. It is not covid-specific but in light of her concerns Bolanos may wish to contact class counsel, Ernest Galvan and Kara Janssen at the Rosen Bien law firm, 101 Mission St., 6th floor SF 94105-1738.

United States District Court
Northern District of California

1  claim to the government (18 U.S.C. § 287).  Dkt. No. 556, *Bolanos v. United States*, No.

2  1:13-CR-362 AWI BAM (E.D. Cal).  A sentence of 120 months was imposed.  (*Id.*)  Her

3  appeal to the Ninth Circuit was unsuccessful and the U.S. Supreme Court denied her

4  petition for writ of certiorari.  (*Id.*)

5  ## STANDARD OF REVIEW

6  The Court may entertain a petition for writ of habeas corpus from a person claiming

7  to be "in custody in violation of the Constitution or laws or treaties of the United States."

8  28 U.S.C. § 2241(c)(3).  A district court considering an application for a writ of habeas

9  corpus shall "award the writ or issue an order directing the respondent to show cause why

10  the writ should not be granted, unless it appears from the application that the applicant or

11  person detained is not entitled thereto."  28 U.S.C. § 2243.

12  ## DISCUSSION

13  Petitioner Bolanos seeks § 2241 habeas relief under (i) 18 U.S.C. § 3582; (ii) the

14  Equal Protection Clause; and (iii) United States Attorney General William Barr's March

15  and April 2020 memoranda to the Bureau of Prisons to release or transfer inmates prison

16  authorities deem at-risk for contracting COVID-19 and who are otherwise suitable for such

17  relief.  As I explain below, I cannot act on her claims on this petition.  Her request under §

18  3582 must be brought in the court that sentenced her, which is in the Eastern District of

19  California.  And because she challenges the conditions of her confinement, I lack

20  jurisdiction over her habeas petition.

21  ### i.    18 U.S.C. § 3582

22  Bolanos seeks compassionate release under 18 U.S.C. § 3582.  This claim needs to

23  be filed in the district court in the Eastern District of California.  *See Bolden v. Ponce*, No.

24  2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing

25  *United States v. Rala*, 954 F.3d 594, 595 (3d Cir. 2020)) ("Section 3582's text requires

26  those motions to be addressed to the sentencing court, a point several Circuits have

27  noted."); *cf. United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) ("Because the purpose

28  of a [section] 3582 motion is resentencing, a motion under [section] 3852(c) is

United States District Court
Northern District of California

1  undoubtedly 'a step in the criminal case'").  *See also United States v. Alexander*, 951 F.3d

2  706, 708 (6th Cir. 2019) ("The authority granted by the First Step Act is limited:  'A court

3  that imposed a sentence for a covered offense may . . . impose a reduced sentence.'")

4  (quoting The First Step Act, Pub. L. No. 115-391, §404(b), 132 Stat. 5194 (Dec. 21,

5  2018)); and *United States v. Smith*, 896 F.3d 466, 473 (D.C. Cir. 2018) (noting that "a

6  sentencing court" must decide "whether to grant a sentence reduction").

7          Furthermore, "[d]istrict courts have no authority to reduce a federal inmate's

8  sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under

9  28 U.S.C. § 2241."  *Ray v. Finley*, No. 3:19-CV-0988, 2019 WL 5569616, at *4 (M.D. Pa.

10  Oct. 29, 2019); *see also Rodriguez-Aguirre v. Hudgens*, 739 F. App'x 489, 490-91

11  (affirming dismissal of section 2241 petition for compassionate release because petitioner

12  "did not challenge the legality of his conviction or sentence"); *Himmel v. Upton*, No. 4:18-

13  CV-804-O, 2019 WL 1112923, at *2-3 (N.D. Tex. Mar. 11, 2019) (dismissing section

14  2241 petition because compassionate release request for medical reasons does "not allege

15  [petitioner] is in custody as a result of a constitutional violation"); *Rowe v. Ortiz*, No. 19-

16  17371, 2019 WL 5078727, at *2 (D. N.J. Oct. 10, 2019) (district court lacks jurisdiction on

17  habeas review to modify a sentence under 18 U.S.C. § 3582); *Maestro v. Ives*, No. CV 14-

18  1069 R (JC), 2014 WL 6389370, at *2 n.4 (C.D. Cal. Nov. 13, 2014) (a "request for a

19  reduced sentence [under § 3582(c)] is not cognizable on federal habeas review."); *Share v.

20  Krueger*, 553 F. App'x 207, 208-09 (3d Cir. 2014) (habeas petition under section 2241 is

21  not appropriate vehicle to review denial of compassionate release).

22          Bolanos's request for compassionate release under 18 U.S.C. § 3582 is DENIED.  I

23  lack jurisdiction to hear compassionate release claims brought under § 2241.  Any such

24  request must be brought in the United State District Court in the Eastern District of

25  California where she was sentenced.  She should file the motion in her criminal case,

26  *Bolanos v. United States*, No. 1:13-CR-362 AWI BAM.

27      **ii., iii.  Equal Protection and Barr's Directive**

28          Bolanos seeks relief based on the conditions of her confinement at FCI-Dublin.

1   This is a civil rights claim, not a habeas claim.  Although granting the relief of release is

2   within the ambit of a habeas court, her claims are properly the subject of a civil rights

3   complaint "[d]espite the relief" sought.  *Shook v. Apker*, 472 F. App'x 702, 702-03 (9th

4   Cir. 2012).  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action

5   proper mechanism for challenging an unlawful conviction or sentence; civil rights action

6   proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890,

7   891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that

8   challenges to terms and conditions of confinement must be brought in civil rights

9   complaint).  The petition will be dismissed without prejudice to Bolanos filing a federal

10  civil rights action.

11      Bolanos is reminded that The Prison Litigation Reform Act of 1995 amended 42

12  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison

13  conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

14  any jail, prison, or other correctional facility until such administrative remedies as are

15  available are exhausted."  42 U.S.C. § 1997e(a).  A federal prisoner accordingly must

16  exhaust all available administrative remedies with the Bureau of Prisons before filing a

17  federal civil rights claim in federal court.  *See Porter v. Nussle*, 534 U.S. 516, 524-25

18  (2002) (holding that revised § 1997e(a) applies to *Bivens* actions).  There is a pending class

19  action concerning the conditions of incarceration at Santa Rita, and as I stated in footnote

20  one Bolanos may wish to contact class counsel with her concerns.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

This federal habeas corpus action is DISMISSED without prejudice to Bolanos

filing a request for compassionate release in the sentencing court and without prejudice to

her filing a civil rights action after she has exhausted her administrative remedies.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** June 16, 2020



WILLIAM H. ORRICK
United States District Judge